J. B. Lyon Company, Claimant, *v.* The State of New York, Defendant.

Claim No. 16779.

Oliver A. Quayle, Claimant, *v.* The State of New York, Defendant.

Claim No. 16782.

Court of Claims, March, 1922.

Constitutional law — chap. 319, Laws of 1920, increasing compensation for state printing done during war, unconstitutional — State Const. art. III, § 28.

The statute (Laws of 1920, chap. 319) declaring the amount of increased cost of material and labor called for by the contracts for legislative and departmental printing entered into prior to April 6, 1917, performed in part during the period

of the war with Germany, a legal claim against the state of New York, is unconstitutional as being an attempt to grant extra compensation to contractors. State Const. art. III, § 28.

CLAIMS for increased cost of printing due to war conditions.

*Franklin M. Danaher,* for claimant J. B. Lyon Company.

*Michael D. Reilly,* for claimant Quayle.

*Arthur E. Rose,* deputy attorney-general, for the State of New York.

SMITH, J.   These claims are similar in character and were tried together.   They have been filed to recover the amounts of increased cost, due to war conditions, of materials and labor involved in the performance of contracts for legislative and departmental printing entered into before April 6, 1917, performed in part during the period of the war with Germany.

Claimants found their claims solely upon chapter 319, Laws of 1920, which provides as follows:

" Section 1.   Any increased cost of materials, because of war conditions, incurred or paid after April sixth, nineteen hundred and seventeen, in the doing and performance of the legislative printing contracts from October first, nineteen hundred and sixteen, to June thirtieth, nineteen hundred and eighteen, and in the department printing contract from October first, nineteen hundred and sixteen, to September thirtieth, nineteen hundred and eighteen, made with the state printing board, is hereby declared to be and made a legal and valid claim against the state of New York."

The state upon the trial moved to dismiss the claims, urging that the act upon which claimants rely is unconstitutional, being violative of sections 19 and 28 of article III, and of section 9 of article VIII of the State Constitution.

It will be necessary to consider but one of the constitutional provisions invoked by the state.

Section 28 of article III of the Constitution reads as follows:

" Section 28.   The legislature shall not, nor shall the common council of any city, nor any board of supervisors, grant any extra compensation to any public officer, servant, agent or contractor."

That these claims are for extra compensation is undeniable. That they are of substance without the act upon which they are founded is not claimed.   The legislature has attempted to give validity to them by declaring such claims valid  and conferring upon this court jurisdiction to determine their amounts.   In *Gordon* v. *State of New York*, 233 N. Y. 1, that court held chapter 459, Laws of 1919, unconstitutional, as being an attempt to grant extra compensation to contractors.   The act of 1919 which had

been passed for the relief of highway contractors in no essential way differs from the act here being considered, and the decision in the *Gordon* case is decisive of these claims.    The motions of the state for dismissal must be granted.

ACKERSON, P. J., concurs.

Claims dismissed.